525 P.2d 1172 (1974)
Elizabeth EVANS, Plaintiff-Appellee,
v.
MOUNT VIEW SCHOOL FOR GIRLS and the State Personnel Board of the State of Colorado, Defendants-Appellants.
No. 73-339.
Colorado Court of Appeals, Div. II.
June 25, 1974.
Rehearing Denied July 23, 1974.
Certiorari Denied September 16, 1974.
Balaban & Lutz, Harlan G. Balaban, John A. Lobus, Denver, for plaintiff-appellee.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Richard G. McManus, Jr., Asst. Atty. Gen., Denver, for defendants-appellants.
Selected for Official Publication.
ENOCH, Judge.
Mount View School for Girls and the Colorado State Personnel Board, defendants, appeal from a judgment ordering the reinstatement of Elizabeth Evans, plaintiff, as a Special Education Teacher II at the school. We reverse.
Plaintiff was employed by Mount View School for Girls, an agency of the Division of Youth Services of the Department of Institutions, from 1959 until January 1971, when she was laid off. Her dismissal resulted from a staff reduction within the Division of Youth Services, which had been ordered by the Executive Budget Office due to a decrease in population at Youth Services facilities. In response to that order, heads of the various agencies within the Division of Youth Services met to determine which positions could be eliminated without destroying the educational objectives of the affected institutions. The plan that was adopted for the Girls' School retained two Special Education II positions, one in home economics and one in mathematics. Three Special Education II positions were abolished, one of which was vacant. In addition, one Special Education III position was abolished.
The Division then requested the State Board of Personnel to determine which individuals would be laid off as a result of *1173 the staff reduction plan. Although Mrs. Evans had the longest seniority of any teacher at the school, she was laid off because (1) the specific position which she occupied, teaching in a self-contained classroom, had been eliminated; and (2) she did not have 18 semester hours of college credit in the field of mathematics or home economics, as required by a contract between the Department of Education and the Division of Youth Services, and therefore could not assume the duties of the only other Special Education II positions available. Another teacher, second in seniority among the Special Education II was also laid off because his subject area had been eliminated as a result of the staff reduction plan.
Plaintiff appealed to the State Personnel Board, alleging that her dismissal was illegal. The hearing officer found that the criteria used to effect the staff reduction were proper. However, testimony at the hearing suggested that the academic qualifications of both plaintiff and the two incumbents teaching mathematics and home economics might have been evaluated erroneously, and the hearing officer ordered the State Department of Personnel to reevaluate those qualifications. After a second hearing, the hearing officer found that plaintiff did not have the required 18 hours in either home economics or mathematics, and that the individuals filling the available positions were fully qualified. The decision of the hearing officer upholding plaintiff's dismissal was affirmed by the State Personnel Board.
Plaintiff then appealed the decision of the Board to the district court. Based on the record of the administrative proceedings, the trial court ruled that the action of the Board was arbitrary, capricious, and an abuse of discretion because:
"at no time did the State Department of Personnel create or require proper standards for the termination of plaintiff's services, nor were any such standards ever applied in effectuating said termination of plaintiff."
Defendants were ordered to reinstate plaintiff as a Special Education II teacher, and it is from this judgment that defendants appeal.
Proceedings before the State Personnel Board are subject to the requirements of C.R.S. 1963, 3-16-1 et seq. 1971 Perm. Supp., C.R.S. 1963, 26-5-42. The standards of judicial review governing this action are as follows:
"If the court finds no error, it shall affirm the agency action. If it finds that the agency action is arbitrary or capricious, a denial of statutory right, contrary to constitutional right, power, privilege, or immunity, in excess of statutory jurisdiction . . . not in accord with the procedures or procedural limitations of this article, or otherwise required by law, an abuse or clearly unwarranted exercise of discretion, based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law, then the court shall hold unlawful and set aside the agency action . . . ." 1969 Perm.Supp., C.R.S. 1963, 3-16-5(7).
The Rules and Regulations of the Colorado Civil Service Commission in effect when plaintiff was dismissed provided:
"X.B. Lay-Off
2. The appointing authority shall determine the number and classes of positions to be abolished, or vacated by lay-off. He may further designate the geographical area and/or work unit in which positions will be abolished or vacated.
. . . . .
5. If certified employees must be laid off, they shall be laid off in inverse order of length of continuous service in the class in the department . . . .
. . . . .
X.C. Demotion in Lieu of Lay-Off
1. Certified employees who are laid off shall have the right to request and be *1174 granted a voluntary demotion in the department in lieu of lay-off...."
Since Article X.B.5. dictates that seniority is to be the controlling factor in selecting persons to be retained, it would appear that a strict application of these rules would require the retention of plaintiff as a Special Education II teacher. See C.R.S. 1963, 26-1-5. However, these rules, which apply to the entire spectrum of state civil service positions, are based on the assumption that employees within each class are interchangeable. This assumption is not true in the case of teachers. Although the four Special Education II teachers at the school were members of the same civil service class, special qualifications attached to each position within the class. By virtue of the contract between the Department of Education and the Division of Youth Services, teachers were required to have 18 semester hours of credit in the specific subject area they taught. It is clearly reasonable to require that teachers have some minimum amount of formal education in the particular subject area which is to be taught. Thus, although plaintiff had the greatest seniority within the general class, that qualification alone was not sufficient to permit her to teach subjects in which she had far fewer than the required number of credit hours. Those positions which plaintiff was qualified to teach were eliminated.
Plaintiff argues that she should have been permitted to "bump" one of the teachers holding either the home economics or mathematics position, and allowed to take the necessary credit hours while she was teaching. She presented some evidence that persons with less than 18 semester hours of credit had been permitted to teach various subjects. This argument was answered in the decision of the State Personnel Board:
"Whatever the propriety and merit of this custom when an employee is placed in a vacant position or permitted to retain an existing position, it seems to have no propriety or merit when applied to an employee desiring to bump. An unqualified employee cannot be given the right to bump a qualified employee based on the hope or pledge that he or she will become qualified."
Contrary to the contentions of plaintiff, any irregularities in the Personnel Board's initial review of academic qualifications were nullified by the hearing officer's decision ordering a careful re-evaluation of those qualifications. Evidence presented at the second hearing showed that plaintiff was not qualified to teach mathematics or home economics, and that the incumbents of those positions were properly qualified.
Finally, plaintiff argues that she should have been permitted to "bump" the person holding the position of Special Education Teacher III. However, even if plaintiff were qualified to become a Special Education III teacher, Article X.C.1. grants bumping rights only against persons in a lower class in the same series. Under these rules, plaintiff could not "bump" upward.
Contrary to the holding of the trial court, the record discloses that, as discussed above, proper standards existed for the retention and "lay-off" of personnel, and that these standards were applied properly. We find no error in procedure or abuse of discretion in the action taken by the Board. Therefore, the judgment of the trial court is reversed and the cause remanded with directions to dismiss the complaint.
SILVERSTEIN, C. J., and COYTE, J., concur.