Dianna BALDWIN, Complainant–Appellant,

v.

DEPARTMENT OF LABOR AND EMPLOYMENT, State of Colorado, Respondent–Appellee,

and

State Personnel Board, Appellee.

No. 91CA1542.

Colorado Court of Appeals,
Division V.

Nov. 5, 1992.

Rehearing Denied Dec. 3, 1992.

Vonda G. Hall, Denver, for complainant-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondent-appellee.

No appearance for appellee.

Opinion by Judge HUME.

Complainant, Dianna Baldwin, appeals from the decision of the State Personnel Board (Board) reinstating the personnel action that had removed her from her position with respondent, Department of Labor and Employment, in the course of the respondent's layoff process. We affirm.

The complainant sought administrative review when she was removed from her position ("bumped") and had to accept a demotion to a lower position in order to remain employed. The hearing officer entered findings of fact and concluded that the complainant had established that special qualifications should have been attached to the position and that it was arbitrary and capricious to allow the complainant to be bumped.

Upon review, the Board affirmed the hearing officer's findings of fact but rejected the conclusion that bumping the complainant had been arbitrary and capricious. It reasoned that special qualifications could be attached only in compliance with former State Personnel Board Rule 9–3–4(B), 4 Code Colo.Reg. 801–1 (1986), and that, because this procedure had not been followed for this position, the position had no special qualifications.

The complainant contends that the special qualifications formerly attached to her position should have insulated her from being replaced during the course of the layoff process. She argues that the Board's conclusion that there were not special qualifications attached to the position is not supported by the unchallenged evidentiary findings of the hearing officer. We disagree.

When "bona fide special qualifications" are attached to positions in the state personnel system, such positions receive special treatment in the layoff process in that only employees who possess the special qualifications may be assigned to them. State Personnel Board Rule 9–3–4(B), 4 Code Colo.Reg. 801–1 (1986); *see Evans v. Mount View School for Girls*, 34 Colo.App. 167, 525 P.2d 1172 (1974).

State Personnel Board Rule 9–3–4(B)(1), 4 Code Colo.Reg. 801–1 (1986), provides that special qualifications must be requested in writing and be approved by the director. After special qualifications are approved, they "shall be included in examination announcement" for the position. State Personnel Board Rule 9–3–4(B)(2), 4 Code Colo.Reg. 801–1 (1986).

Here, the hearing officer found that the respondent is a decentralized agency in which the function of classification and approval of special qualifications has been delegated to the personnel analyst level and in actual practice special qualifications are approved in a variety of ways. The hearing officer determined that, although the complainant's position had special qualifications listed in 1986, when the position was audited and reallocated in 1989 no special qualifications were requested. Also, when the reallocated position was announced, no special qualifications were included in the announcement. In contrast, the hearing officer found that other positions in the Department did have special qualifications listed either in audits or job descriptions.

■ After making these findings of fact, the hearing officer considered their significance and concluded that the complainant's position should have special qualifications attached to it. This conclusion, which settled the rights and liabilities of the parties, is an ultimate finding and, as such, is not binding upon review by either the Board or this court. *See Adkins v. Division of Youth Services*, 720 P.2d 626 (Colo.App. 1986).

■ In reversing the hearing officer's conclusion, the Board stated that special qualifications could attach only in compliance with State Personnel Board Rule 9–3–4(B), 4 Code Colo.Reg. 801–1 (1986). Because the unchallenged findings of fact support the conclusion that special qualifications for the complainant's position were not attached in compliance with any of the methods used by the respondent, we affirm the Board's ruling.

The hearing officer's findings of fact show that the complainant's position, unlike others in her department, did not have special qualifications attached in any documentation of audits, reallocations, or position announcements. We conclude that this satisfies the requirement of substantial evidence to affirm the Board's determination that special qualifications were not attached to the complainant's position. *See*

*Adkins v. Division of Youth Services, supra.*

Because there were no special qualifications attached to the position, the complainant was not protected from bumping in the layoff, and the Board did not err in reinstating the respondent's action in bumping the complainant.

Order affirmed.

JONES and MARQUEZ, JJ., concur.